```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

RONALD PERRY,                      :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :   CASE NO. 3:11CV1485(RNC)
                                   :
CITY OF NEW HAVEN,                 :
                                   :
     Defendant.                    :
```

RULING ON MOTION TO COMPEL

Pending before the court are the defendant's Motions to Compel, docs. #24 and #27, pursuant to Fed. R. Civ. P. 37.[1]

Plaintiff Ronald Perry, a New Haven police officer, brings this case against defendant City of New Haven under 42 U.S.C. § 1983 alleging that he was denied promotion to the rank of detective on the basis of his race in violation of his Fourteenth Amendment right to equal protection of the laws. (Doc. #1.)  In May 2012, the defendant filed its first Motion to Compel arguing that plaintiff failed to respond to discovery requests.  (Doc. #24.)  The plaintiff subsequently served his responses.  (See docs. #25 and #26.)

In July 2012, the defendant filed a second Motion to Compel arguing that certain responses were incomplete or nonresponsive.

---

[1]District Judge Robert N. Chatigny referred the case to the undersigned to supervise discovery and resolve discovery disputes.  (Doc. 22.)

(Doc. #27.)  In August 2012, the court heard oral argument on the motions.

A motion to compel is entrusted to the sound discretion of the district court.  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003).  At oral argument, the defendant stated that it no longer needed to pursue its first Motion to Compel because the plaintiff had served responses (which are now the subject of the second motion).  The first Motion to Compel, doc. #24, is withdrawn.

The court rules on the second Motion to Compel, doc. #27, as follows:

1. Interrogatory Nos. 6 and 7 are granted absent objection.

2. Interrogatory No. 12 is granted.  Plaintiff shall describe any fee arrangement he has made with counsel in this matter.  Fee arrangements generally are not privileged, see Vingelli v. United States, 992 F.2d 449, 452-53 (2d Cir. 1993), and "'whether the fee is fixed or contingent'" is relevant to an award of attorney's fees under 42 U.S.C. § 1988, see Tucker v. City of New York, 704 F. Supp. 2d 347, 354 n.5 (S.D.N.Y. 2010) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186-87 n.3 (2d Cir. 2008)).

3. Interrogatory Nos. 13 and 14 and Production Request No. 11 are granted.  To the extent that plaintiff objects to these

2

requests on the basis of some privilege,[2] he shall produce a privilege log "that will enable other parties to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A). To the extent that defendant denies that responsive documents exist, he shall provide a statement under oath stating so and describing his search efforts.

4. Interrogatory No. 15 is granted absent objection. Plaintiff shall produce a supplemental damages analysis. If plaintiff alleges any economic loss, including but not limited to medical bills, back pay, or loss of earning capacity, he must provide a computation of those damages. If plaintiff seeks only non-economic damages, then he must fully set forth each category of non-economic damages he claims (e.g, emotional distress or damage to reputation). He shall specify the evidence he might use to support each claim and shall list witnesses he might call to support the claims.

5. Interrogatory No. 18 is granted. The names, dates of treatment and diagnoses of medical providers who treated the plaintiff for emotional distress are relevant within the meaning of Rule 26(b)(1) to his damages claim of emotional distress.

---

[2]The basis of the plaintiff's objections to Interrogatory Nos. 13 and 14 is uncertain. In his responses and opposition to the motion, he asserted the work product privilege. In contrast, at oral argument, the plaintiff's counsel suggested that perhaps the objection referred to some communication between the party and his counsel subject to attorney-client privilege.

The plaintiff correctly argues that because he alleges only "garden variety" emotional distress, he has not waived the psychotherapist-patient privilege.  In re Sims, 534 F.3d 117 (2d Cir. 2008).  However, the psychotherapist-patient privilege protects "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment," Jaffee v. Redmond, 518 U.S. 1, 15 (1996), and does not extend to information regarding the occurrence of treatment, including "whether a psychotherapist treated [him], the dates of such treatment, and the length of treatment on each date." United States v. Sturman, No. 96 CR. 318, 1998 WL 126066, at *4 n. 6 (S.D.N.Y.  Mar. 20, 1998).  See also Jackson v. Chubb Corp., 193 F.R.D. 216, 219 n.4 (D.N.J. 2000) (identity of health care provider and dates of treatment not privileged); Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 230 (D. Mass. 1997) ("Facts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged.").

Plaintiff shall comply with Interrogatory 18.[3]  To the extent that no relevant medical providers exist, plaintiff shall so swear under oath.

---

[3] In its brief and at oral argument, the defendant indicated that, at this time, it is not pursuing Production Request No. 14, which seeks the treatment records related to Interrogatory No. 18.  However, it reserved its right to do so if the responses to Interrogatory No. 18 or deposition testimony place the plaintiff's emotional state at issue.  See Jacobs v.

4

6. Production Request No. 1 is granted. The request seeks a document that plaintiff specifically references in the complaint. Plaintiff objected: "Not applicable." As plaintiff's counsel conceded at oral argument, the basis of this objection is baffling. Plaintiff shall produce the document(s) or, if they do not exist, plaintiff shall so swear under oath.

7. The nonchalant approach to discovery taken in this case by counsel for the plaintiff has frustrated the Rule 37 objective of resolving discovery disputes "without court action" and the overarching objective articulated in Rule 1 of "secur[ing] the just, speedy and inexpensive determination of every action." Pursuant to Rule 37(a)(5), plaintiff's counsel shall pay defendant's reasonable expenses incurred in making the Motions to Compel, docs. #24 and #27.

SO ORDERED at Hartford, Connecticut this 6th day of September, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

Connecticut Cmty. Technical Coll., 258 F.R.D. 192, 197 (D. Conn. 2009).