```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

RONALD PERRY,                    :
                                 :
    Plaintiff,                   :
                                 :
v.                               :    CASE NO. 3:11-cv-1485(RNC)
                                 :
CITY OF NEW HAVEN,               :
                                 :
    Defendant.                   :

## RULING AND ORDER

Plaintiff Ronald Perry, a black police officer employed by the City of New Haven, brings this action pursuant to 42 U.S.C. § 1983 against the City claiming that he was passed over for promotion to the position of detective because of his race in violation of the Equal Protection Clause of the Fourteenth Amendment.  The City has moved for summary judgment arguing that the evidence does not support a finding that the defendant was denied promotion because of his race.  I agree and therefore grant the motion.

The summary judgment record, viewed most favorably to the plaintiff, establishes the following facts.  In early 2009, the plaintiff was one of approximately fifty candidates who passed an examination for promotion to the position of detective.  Based on his score on the exam, he was ranked near the bottom of the eligibility list.  The "Rule of Three" would have allowed the Chief of Police to fill a vacancy by selecting from among the top three candidates on the list at the time of the vacancy.  But the Chief's regular practice was to promote candidates "straight off the list," in other words, in the order in which their

names appeared on the list.  Forty-six budgeted vacancies in the position of detective were filled in this manner; seventeen of them were filled by people of color.  After these vacancies were filled, only one person was ahead of the plaintiff on the eligibility list, a black female named Officer Roach.

Two additional budgeted vacancies in the position of detective arose in fall of 2009.  The Chief decided not to the fill those vacancies, however, citing concerns that the patrol division would be left understaffed.  One more officer, Caminer Lavache, was subsequently promoted.  Lavache, who is black, was not on the original eligibility list because he was on military leave at the time the examination was administered.  When Lavache returned from leave, he took the examination and got a better score than others who were promoted but he was inadvertently overlooked as vacancies were filled from the original list.  After the error was discovered, Lavache was promoted, leaving only one budgeted vacancy when the eligibility list expired.  At that time, the plaintiff was in the second position on the eligibility list, after Officer Roach.

Other than the requirement for state action, the analysis of employment discrimination claims under § 1983 is the same as the test used in Title VII cases.  <u>Doe v. City of New York</u>, 473 Fed. Appx. 24, 27 (2d Cir. 2012).  To prevail on his § 1983 equal protection claim, the plaintiff has the burden of proving that he was denied promotion because of his race.  The record before the Court would not permit a jury to make that finding.  There is no meaningful dispute that only one budgeted vacancy remained when the

eligibility list expired.  The plaintiff was second on the list after Officer Roach.  The plaintiff does not contend that he was entitled to be promoted instead of her.[1]

Accordingly, the defendant's motion for summary judgment is hereby granted.  The Clerk may close the file.

So ordered this 10th day of March 2014.

                                        /s/ RNC
                               Robert N. Chatigny
                           United States District Judge

---

[1]  Plaintiff's supplemental brief states that he was never told there was a finite number of vacancies.  But there is no evidence that more than one budgeted vacancy existed when the list expired.  The plaintiff's subjective belief that more vacancies could have been filled is insufficient to give rise to a genuine issue of material fact for trial.